**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **LORI VANGASSBECK and DAVID VANGASSBECK,**<br><br>**Plaintiff,**<br><br>-v-<br><br>**AMERICAN HONDA FINANCE CORPORATION, EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC. and TRANSUNION, LLC,**<br><br>**Defendants.** | Civil Case Number:<br><br><u>CIVIL ACTION</u><br><br>**COMPLAINT<br>AND<br>DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

1. Plaintiffs Lori VanGassbeck and David VanGassbeck, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging that Defendant American Honda Finance Corporation ("Honda") has been negligently, recklessly and knowingly reporting false information regarding the Plaintiff to the national credit reporting agencies.

2. Plaintiffs further alleges that Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. and TransUnion, LLC ("TransUnion") have negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiffs further alleges Equifax, Experian and TransUnion have failed to follow reasonable procedures to ensure maximum accuracy of credit reports it prepared concerning Plaintiff, and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiffs seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

## JURISDICTION

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of New Jersey, and violated Plaintiffs rights under the FCRA in the State of New Jersey as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiffs resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

## PARTIES

7. Plaintiffs are residents of Ocean County, New Jersey, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant TransUnion is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. TransUnion, LLC is a limited liability company with its principal place of business located at 555 West Adams Street, Chicago, IL 60661.

10. Defendant Equifax is one of the largest credit reporting agencies in the United States, and is engaged in the business of assembling and disseminating credit reports concerning

hundreds of millions of consumers.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

11. Equifax is a limited liability company with its principal place of business at 1550 Peach Tree Street, N.W., Atlanta, GA 30309.

12. Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers.  Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

13. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located in Costa Mesa, California.

14. Defendant Honda is a corporation with its principal place of business in Langhorne, Pennsylvania.

## FACTUAL ALLEGATIONS

15. Sometime prior to April of 2018, Plaintiffs leased a vehicle from Honda.

16. Towards the end of the lease, Plaintiffs began looking into leasing a new vehicle from Honda.

17. On or about April 24, 2018, Plaintiff's visited Causeway Honda in Manahawkin New

Jersey.

18. Plaintiffs agreed to lease a new vehicle from Causeway Honda, and Causeway Honda agreed to pay off the balance of Plaintiffs' previous lease. **See Exhibit A.**

19. On May 03, 2018, Causeway Honda sent a check to Honda for the final four payments of Plaintiffs' lease. See **Exhibit B.**

20. On or around February of 2019, the Plaintiffs reviewed their credit report, and saw Honda reporting on a derogatory account with a balance on all three major credit reporting agencies.

21. As Plaintiffs' balance with Honda was paid off, Plaintiffs were surprised and upset by this inaccurate reporting.

22. Plaintiff sent a dispute letter with all three bureaus asking them to investigate and update the Honda tradeline and to show a zero balance.

23. As of today's date, all three bureaus failed to correct this negative and inaccurate information which was and is still hurting the Plaintiff's credit.

24. At all times pertinent hereto, Defendant's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

25. As a direct and proximate result the Defendants' willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed in his daily life. For example, Plaintiff has been unable to obtain the loan he needs to purchase a car, due to the false and negative Honda information being reported by Equifax, Experian and TransUnion.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EQUIFAX, EXPERIAN and TRANSUNION

26. All preceding paragraphs are realleged.

27. At all times pertinent hereto, TransUnion was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

28. At all times pertinent hereto, Equifax was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

30. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

31. On multiple occasions in 2018, Plaintiff initiated disputes with Equifax, Experian and TransUnion requesting that they correct a specific item in his credit file that is patently inaccurate and damaging to him, namely a balance on the Honda account referenced above.

32. TransUnion, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file.

33. Equifax, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file.

34. Experian, having either conducting no investigation or failing to conduct a reasonable investigation, verified the inaccurate item on his credit file.

35. As a direct and proximate result of TransUnion's, Experian's and Equifax's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed.

## COUNT II
### FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
### 15 U.S.C. § 1681e(b)

36. All preceding paragraphs are realleged.

37. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

38. Were Equifax, Experian and TransUnion to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Honda information being listed on the Plaintiff's credit report, especially after the Plaintiff provided all three bureaus with information establishing that this information was not accurate.

39. As a direct and proximate result of Equifax's, Experian's and TransUnion's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff has been harmed.

## COUNT III
### FAILURE TO INVESTIGATE DISPUTE
### FCRA, 15 USC § 1681s-2(b)
### AGAINST HONDA

40. All preceding paragraphs are re-alleged.

41. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

42. On multiple occasions, Plaintiff submitted a written dispute to the credit bureaus disputing the accuracy of the balance being reported by Honda.

43. As evidenced by their responses to the Plaintiff, Honda received these disputes.

44. Honda was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a complete and thorough investigation with respect to Plaintiff's dispute.

45. Honda failed to reasonably investigate Plaintiff's dispute, and indeed, acknowledged to the Plaintiff that their reporting was inaccurate.

46. Indeed, Honda's on-going failures to correct Plaintiff's account information is evidence that its investigation into Plaintiff's dispute was deficient.

47. Honda's conduct violated section 1681s-2(b) of the FCRA.

## DEMAND FOR TRIAL BY JURY

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demand judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that Defendant's conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining Defendant from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: June 19, 2019

                         MARCUS ZELMAN, LLC

                         /s/ Ari Marcus
                         Ari Marcus, Esq.
                         701 Cookman Avenue, Suite 300
                         Asbury Park, New Jersey 07712
                         Phone:    (732) 695-3282
                         Fax:       (732) 298-6256
                         *Attorney for the Plaintiff*